SUMMARY ORDER

Petitioner Sanjar Kayumovich Muhitdi-nov, a native and citizen of Uzbekistan, seeks review of a September 17, 2008 order of the BIA affirming the November 2, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sanjar Kayumovich Muhitdinov, No. A97 528 715 (B.I.A. Sept. 17, 2008), aff'g No. A97 528 715 (Immig. Ct. N.Y. City Nov. 2, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). However, when the BIA affirms the IJ’s decision in some respects but not others, we review the IJ’s decision as modified by the BIA’s decision, i.e. minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA agreed with the IJ’s adverse credibility finding. It is unclear, however, whether the BIA agreed with the IJ’s finding that even assuming his credibility, Muhitdinov failed to demonstrate his eligibility for relief. Because the agency’s adverse credibility finding is dispositive, we dispose of the petition for review on that basis.
We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence stan *667 dard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
Because Muhitdinov filed his asylum application after May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 apply to his asylum application. See Pub.L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005). “For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go ‘to the heart of the applicant’s claim.’ ” Diallo v. U.S. Dep’t of Justice, 548 F.3d 232, 234 n. 1 (2d Cir.2008) (quoting 8 U.S.C. § 1158(b)(l)(B)(iii)).
Substantial evidence supports the IJ’s adverse credibility determination. The agency found inconsistencies within Muhit-dinov’s testimony and between his testimony and his asylum application. As the IJ found, Muhitdinov first testified that he was attacked by “anonymous youths” at a bus stop in November 2005 (after he was already in the United States), and then stated that the incident took place in March 2005. Furthermore, Muhitdinov indicated on his asylum application that he and his father were questioned by police for being at a mosque and then released, and that “a few persons were detained.” Yet in his testimony, he stated that he and his father were taken to the police station, detained for over ten hours, his father was beaten during that detention, and everyone was arrested. Accordingly, substantial evidence supports the agency’s findings where “the cumulative effect of these inconsistencies could have led a reasonable fact-finder to find that [the applicant] was not credible.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Having called Muhitdinov’s credibility into question, it was not improper for the IJ to note the absence of certain corroborating evidence that may have otherwise rehabilitated his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Thus, based on the totality of the circumstances, substantial evidence supports the agency’s adverse credibility determination and its resulting denial of Muhitdinov’s application for asylum. See 8 U.S.C. § 1158(b)(l)(B)(iii).
Finally, because the only evidence of a threat to Muhitdinov’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Wu Biao Chen v. I.N.S., 344 F.3d 272, 275-76 (2d Cir.2003); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).